IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MICHAEL HENRY HEARN**                                              **PETITIONER**

**VERSUS**                              **CIVIL ACTION NO.  4:13CV97 HTW-LRA**

**WARDEN RAYMOND BYD**                                              **RESPONDENT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Michael Hearn has filed a petition for writ of habeas corpus relief.  Respondent Raymond Byd has filed a motion to dismiss asserting that the petition is barred pursuant to 28 U.S.C. § 2244(d) as untimely under the Antiterrorism and Effective Death Penalty Act of 1996.  The Court recommends that the motion be granted for the reasons that follow.

Hearn was convicted in the Circuit Court of Lauderdale County, Mississippi, of two counts of intimidating a judge, in violation of Miss. Code Ann. § 97-9-55.  He was sentenced as a habitual offender to serve concurrent terms of life imprisonment without parole in the custody of the Mississippi Department of Corrections on each count.  On December 11, 2008, the Mississippi Supreme Court affirmed his convictions and sentences in *Hearn v. State*, 3 So.3d 722 (Miss. 2008), *reh'g denied,* Mar.19, 2009.  On March 15, 2012, Petitioner filed an application for leave to file a motion for post-conviction collateral relief, (signed February 24, 2012), which was denied by the Mississippi Supreme Court on April 11, 2012.[1]  He did not petition the United States Supreme Court for a writ of certiorari.  Although signed April 11, 2013, Hearn's petition for habeas corpus relief was stamped filed in this court on

---

[1] ECF Nos.  6-1, 6-2, 6-4, 6-5.

May 29, 2013.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1). AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2)The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal

quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Hearn's conviction became final on June 17, 2009, 90 days after the Mississippi Supreme Court denied his petition for rehearing. Because the time period during which Petitioner could have sought further review is added to the date his direct appeal ended, he is credited with the 90-day period permitted for seeking a writ of certiorari in the United States Supreme Court. *See* Rule 13(1) of the United States Supreme Court Rules; *see also Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003) (state court judgment becomes final for AEDPA purposes when the time to file a petition for writ of certiorari with the Supreme Court has expired, i.e., 90 days after the judgment is entered). Thus, to toll the statute of limitations, Hearn was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before June 17, 2010. Because he did not file his state court motion for post-conviction collateral relief until March 15, 2012 (signed February 24, 2012), AEDPA'S one-year statute of limitations ran uninterrupted from June 17, 2009 through June 17, 2010. Absent statutory or equitable tolling, his federal habeas petition filed more than two years after the AEDPA deadline is untimely.

Hearn does not dispute that his petition is untimely, nor does he assert that he is entitled to statutory or equitable tolling. He has instead filed a traverse and several voluminous pleadings, in which he appears to challenge the conditions of his confinement;

3

attack the validity of his underlying convictions; and, assert his actual innocence and ignorance of the law. To that end, he requests an evidentiary hearing, a change of venue, a recusal of the undersigned, and leave of Court to proceed *in forma pauperis*. None of these requests are well taken.

Petitioner was granted leave to proceed *in forma pauperis* by Order of this Court on May 31, 2013, and he has articulated no good cause for a "change of venue" or for the recusal of the undersigned in this case. *See* 28 U.S.C. § 2241(1)(d) (Venue is proper in a habeas corpus action in either the district court where the petitioner is in custody or in the district within which the petitioner was convicted and sentenced.). Nor has he articulated any sufficient grounds to warrant an evidentiary hearing under 28 U.S.C. § 2264 (e)(2).[2] Further, challenges to the conditions of confinement or prison procedures are properly brought under 42 U.S.C. § 1983, not as a writ of habeas corpus. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Lastly, a petitioner's unfamiliarity with the legal process during the applicable filing period does not merit equitable tolling. *See, e.g. Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir. 2000) (ignorance of law insufficient to toll statute of limitations);

---

[2]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily, mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

*Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with legal process does not merit equitable tolling).

The timeliness of the instant petition is the issue in this case. Hearn has made no showing that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the one-year statute of limitations. *Holland*, 130 S.Ct. at 2562. On the contrary, Hearn delayed pursuing state habeas corpus relief for nearly three years after the Mississippi Supreme Court denied his petition for rehearing, and then waited approximately another year after his motion for post-conviction relief was dismissed before he filed the instant petition. To the extent that Hearn asserts that he is actually innocent and that failure to consider the merits of his petition would constitute a fundamental miscarriage of justice, this claim also fails. The United States Supreme Court has recently reiterated that a first-time federal habeas petitioner can overcome the one-year statute of limitations under the actual innocence exception – i.e., by showing that it is more likely than not, in light of new and reliable evidence, that no reasonable juror would have found the defendant guilty. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1930-1931 (2013) (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also In re Warren*, NO. 12-10612, 2013 WL 3870423 (5th Cir. Jul. 29, 2013). Hearn has made no such showing here.

None of AEDPA's other statutory exceptions are applicable. In the absence of any evidence warranting statutory or equitable tolling, Hearn's habeas petition is barred by the

5

statute of limitations, and should be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 15th day of October 2013.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE